**Handoko SUTJIPTO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–73505.**

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

Houman Varzandeh, Esq., VHF Law Group, LLP, Los Angeles, CA, for Petitioner.

CAC–District, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David E. Dauenheimer, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Handoko Sutjipto, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny in part and dismiss in part the petition for review.

The agency denied Sutjipto's asylum application as time barred. Sutjipto does not challenge this finding in his opening brief.

Substantial evidence supports the agency's denial of withholding of removal because the 1984 attack on Sutjipto and the threats and harassment he suffered in Indonesia did not rise to the level of past persecution, *see Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003), and he failed to establish that the government was either unable or unwilling to control the people that harassed him, *see Nahrvani v. Gonzales,* 399 F.3d 1148, 1154 (9th Cir. 2005). Further, even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922 (9th Cir.2004) applies to

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

claims for withholding of removal, Sutjipto failed to demonstrate that it was more likely than not that he will be persecuted if he returns to Indonesia. *See Hoxha,* 319 F.3d at 1184–85. Finally, the record does not compel the conclusion that the ethnic and religious strife in Indonesia amounts to a pattern or practice of persecution against Chinese Christian Indonesians. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc).

We lack jurisdiction to consider Sutjipto's due process contention concerning flaws in the hearing transcript because he failed to raise this claim before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (requiring exhaustion of procedural due process claims).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**